Nestor Rivera COLON, Plaintiff(s),

v.

Miguel A. Torres DIAZ; William Miranda Torres; Highway and Transportation Authority of Puerto Rico; Municipality of Caguas; Puerto Rico Department of Transportation and Public Works, Local Quality Environmental Board; Justice Department of Puerto Rico; United States Environmental Protection Agency; United States District Attorney of Puerto Rico, Defendant(s).

Civil No. 15–1048 (DRD)

United States District Court, D. Puerto Rico.

Signed March 31, 2016

Francisco R. Gonzalez–Colon, Francisco J. Gonzalez–Magaz, F. R. Gonzalez Law Office, San Juan, PR, for Plaintiff(s).

Isabel C. Frau–Nicole, Department of Justice Puerto Rico, Hector Benitez–Arraiza, Victor D. Candelario–Vega, Giselle M. Martinez–Velazquez, Quinones & Arbona, PSC, Luis E. Pabon-Roca, Clarisa Sola-Gomez, Faccio & Pabon Roca, Michael C. McCall, Law Office of Michael C. McCall, San Juan, PR, for Defendant(s).

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, United States District Judge

Pending before the Court are the following motions, to wit: (a) *Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* filed by the P.R. Department of Transportation and Public Works ("DTOP"), Miguel Torres, and William Miranda Torres, Docket No. 18; (b) *Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and/or 12(h)(3) and for Failure to State a Claim under 12(b)(6)* filed by the Municipality of Caguas, Docket No. 20; (c) *Opposition to Motions to Dismiss* filed by Plaintiff, Docket No. 26; (d) *Reply to "Opposition to Motion to Dismiss"* filed by DTOP, Miguel Torres, and William Miranda Torres, Docket No. 36; (e) *Sur–Reply to Reply to Opposition to Motions to Dismiss* filed by Plaintiff, Docket No. 40; (f) *Sur–Sur–Reply to Sur–Reply to Oppositions to Motions to Dismiss* filed by the Municipality of Caguas, Docket No. 46; and (g) *Response to Sur–Sur–Reply to Sur–Reply to Reply to Opposition to Motions to Dismiss* filed by Plaintiff, Docket No. 51. For the reasons set forth below, the defendants' Motion to Dismiss, Docket entries No. 18 and 20 are granted.

### Factual and Procedural Background

Nestor Rivera Colon ("Mr.Rivera") is a resident and neighbor of the Villa Blanca community in the Municipality of Caguas, Puerto Rico. Docket No. 1, at page 2, ¶ 2. In 2004, the Puerto Rico Highway and Transportation Authority (ACT, for its acronym in Spanish) built a road to connect the Puerto Rico Toll Expressway with Puerto Rico Road # 1 in Caguas. Docket No. 1, at page 5, ¶ 9. As part of its construction, it converted Zafiro Street, a residential street, into the José Garrido Avenue, an expressway. Docket No. 1, at page 5, ¶ 10.

Since construction work began on the Zafiro Street, and before the street became one of the most used avenues of Caguas, Mr. Rivera and his neighbors filed complaints at the ACT, DTOP, and the Municipality of Caguas. Docket No. 1, at page 6, ¶ 11. They also filed complaints and requests for administrative intervention before the Local Quality Environmental Board (JCA, for its acronym in Spanish), and, on March 12, 2010, before the United States Environmental Protection Agency (EPA) and the Puerto Rican Ombudsman Office. *Id.*

Mr. Rivera and his neighbors complained that they had gone from living in a peaceful environment to having to withstand unbearable noise. Docket No. 1, at page 6, ¶ 12. They argued that since the conversion of Zafiro Street into the José Garrido Avenue, they had not been able to undertake normal activities, such as having conversations, hearing the radio, watching

television, and sleeping. *Id.* They asked the entities to close the access to the José Garrido Avenue or to expropriate their homes. Docket No. 1, at page 7,¶ 14.

Despite their efforts, Mr. Rivera's and his neighbors' complaints and requests rendered fruitless. While the contacted entities acknowledged the need for change, they signaled at their lack of authority and money to provide any help or to expropriate the properties. Docket No. 1, at page 7, ¶ 15. On October 7, 2014, Mr. Rivera sent a Notice of Intent to Sue allowing the defendants sixty days to reply and take any corrective actions. Docket No. 40-1.[1]

Subsequently, on January 21, 2015, Mr. Rivera filed a complaint on behalf of all residents of Villa Blanca, claiming violations under the Quiet Communities Act of 1978, 42 U.S.C. § 4901, and violations to constitutionally protected rights against infringements to life, liberty, and/or property without due process. Docket No. 1. Mr. Rivera also requested supplemental jurisdiction to seek redress for damages for violations of local constitutional rights and Civil Code rights. Docket No. 1, at pages 7–8, ¶ 16.

### Applicable Law and Discussion

### The Motion to Dismiss Standard under Federal Rule of Civil Procedure 12(b)(1)

### *Dismissal of pleading for lack of jurisdiction over the subject matter.*

■ "When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." (citations omitted). *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir.2002). "After all, if the court lacks subject matter jurisdiction, assessment of

the merits becomes a matter of purely academic interest." 285 F.3d at 150.

Rule 12(b)(1) provides that a complaint will be dismissed if the court lacks subject matter jurisdiction. It is settled that the standard followed by the court when considering a dismissal request under Rule 12(b)(1), is that the court "must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor." *Viqueira v. First* Bank, 140 F.3d 12, 16 (1st Cir.1998), as restated in *Rolón v. Rafael Rosario & Associates, Inc., et al.,* 450 F.Supp.2d 153, 156 (D.P.R. 2006). To determine jurisdiction under Rule 12(b)(1), the court may also review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b). Once the jurisdiction of the court is challenged by the defendant through a motion to dismiss, "it is plaintiff's burden to establish that the court has jurisdiction."

■ "Federal Courts are courts of limited jurisdiction," *Rolón* 450 F.Supp.2d at 156, thus, "this Court has the responsibility to police the border of federal jurisdiction" *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir.2001), and "must rigorously enforce the jurisdictional limits [standards] that Congress chooses, *Del Rosario Ortega v. Star Kist Foods,* 213 F.Supp.2d 84, 88 (D.P.R.2002)(citing *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 3 (1st Cir.1995), as restated in *Rolón,* 450 F.Supp.2d at 156. *See also Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *see Willy v. Coastal Corp.,* 503 U.S. 131, 136–137, 112 S.Ct. 1076, 117

---

1. The record does not show if an answer was    received.

L.Ed.2d 280 (1992) [and the collection of cases cited therein] );" *Rossello–Gonzalez v. Calderon–Serra*, 398 F.3d 1, 15 (1st Cir.2004)("Federal courts are courts of limited jurisdiction, and therefore must be certain that they have explicit authority to decide a case. *Bonas v. Town of North Smithfield*, 265 F.3d 69, 75 (1st Cir.2001) (citing *Irving v. United States*, 162 F.3d 154, 160 (1st Cir.1998) (*en banc*)). Thus, we subject the plaintiff's choice of a federal forum to careful scrutiny. *Id.*)"

■ A challenge under Rule 12(b)(1) constitutes a challenge to federal subject matter jurisdiction, which includes ripeness, mootness, sovereign immunity, and subject matter jurisdiction. *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362–63 (1st Cir.2001). Where subject matter jurisdiction is challenged under 12(b)(1), the party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. *See Skwira v. United States*, 344 F.3d 64, 71 (1st Cir.2003). *See also Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir.2004). *In Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362–63 (1st Cir.2001), the Court held that Fed.R.Civ.P. 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity.

### The Noise Control Act of 1972, as amended by The Quiet Communities Act

The Quiet Communities Act is an amendment to the Noise Control Act of 1972(NCA), 42 U.S.C. §§ 4901–4918. The NCA grants authority to any person to bring a civil suit against any person, including the United States and any other governmental instrumentality or agency, alleged to have violated any of the provisions established in the Act.

In order to sue under the NCA, citizens must strictly comply with certain requirements, including a notice of intent to sue. Section 12(b) of the NCA, 42 U.S.C. § 4911(b), provides as follows:

(b) Notice

No action may be commenced—

(1) under subsection (a)(1) of this section

(A) prior to sixty days after the plaintiff has given notice of the violation (I) to the Administrator of the Environmental Protection Agency (and to the Federal Aviation Administrator in the case of a violation of a noise control requirement under such section 44715 of title 49) and (ii) to any alleged violator of such requirement, or

(B) if an Administrator has commenced and is diligently prosecuting a civil action to require compliance with the noise control requirement, but in any such action in a court of the United States any person may intervene as a matter of right, or

(2) under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice to the defendant that he will commence such action.

Notice under this subsection shall be given in such manner as the Administrator of the Environmental Protection Agency shall prescribe by regulation. 42 U.S.C. § 4911(b).

Meanwhile, the EPA, which regulates the notice provision of the NCA, provides procedures governing the manner of giving notices as a prerequisite to the commence-

ment of actions under the Act. *See* 40 C.F.R. §§ 210.1–210.3. Section 210.2 sets forth the regulatory requirements for service of notices, and states in its relevant part:

(a) Notice of intent to file suit pursuant to section 12(a)(1) of the Act shall be served upon an alleged violator of a noise control requirement issued under the Act in the following manner:

(1) If the alleged violator is a private individual or a corporation, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the owner or managing agent of the equipment, plant, facility, vehicle, or activity alleged to be in violation. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Agency for the region in which such violation is alleged to have occurred.... If the alleged violator is a corporation, a copy of such notice also shall be mailed to the registered agent, if any, of such corporation in the State in which such violation is alleged to have occurred.

(2) **If the alleged violator is a State or local government entity, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the head of such agency. A copy of such notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such vi-**

olation is alleged to have occurred.... (Emphasis ours).

(3) If the alleged violator is a Federal agency, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the head of such agency. A copy of such notice shall be mailed to the Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, the Attorney General of the United States....

(b) **Service of notice of intent to file suit pursuant to section 12(a)(2)(A) of the Act shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the Administrator, Environmental Protection Agency, Washington, DC 20460. A copy of such notice shall be mailed to the Attorney General of the United States.** (Emphasis ours).

(c) **Service of notice of intent to file suit pursuant to section 12(a)(2)(B) of the Act shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the Administrator, Federal Aviation Administrator, Washington, DC. A copy of such notice shall be mailed to the Attorney General of the United States, and to the Administrator of the Federal Protection Agency.** (Emphasis ours).

(d) Notice given in accordance with the provisions of this part shall be deemed to have been served on the date of receipt. If service was accomplished by mail, the date of receipt will be deemed to be the date

noted on the return receipt card. 40 C.F.R. § 210.2

In *Maysonet v. Drillex, S.E.*, the Court held that strict compliance with the NCA's statutory notice requirements and its implementing regulations is required as a prerequisite to allowing commencement of an action under the NCA. *Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105 (D.P.R. 2002). It is through this strict compliance requirement that the Congressional intent of "enabl[ing] private parties to assist in enforcement efforts" is met. *See Id.*, at pages 107–08 (*citing SURCCO v. PRASA*, 157 F.Supp.2d 160 (D.P.R.2001)).

■ In the instant case, defendants DTOP, Miguel Torres, and William Miranda Torres, as well as the Municipality of Caguas argue that plaintiff failed to establish that they complied with the NCA's statutory notice requirements, which is necessary for this Court to acquire subject matter jurisdiction. Not having met their burden to demonstrate that such jurisdiction exists, defendants claim this Court lacks subject matter jurisdiction to entertain the instant case. Docket No. 18, at pages 7–8; Docket No. 20, at pages 9–10; Docket No. 36, at page 7; and Docket No. 46, at page 6.

The Municipality of Caguas specifically alleges that plaintiff did not address the Notice of Intent to Sue letter to the "Administrator of the Environmental Protection Agency," as required by Section 12(a)(2)(A) of the NCA, 42 U.S.C. § 4911(b) and the EPA regulations interpreting its notice provisions, but rather to the "Director" of the "U.S. EPA Press Office" in Washington, D.C. Docket No. 46, at page 7. They claim the correct recipient for the letter was Ms. Gina McCarthy, the Administrator of the EPA Office at the time, whose office is housed in the EPA's Office of the Administrator with Mail Code "1101A". Docket No. 46, at pages 7–8.

Plaintiff, for their part, assert that the Administrator of the EPA and all alleged violators of the NCA were served with the required notice under the NCA. Docket No. 26, at page 13, ¶ 27; Docket No. 40, at pages 3, ¶ 8; and Docket No. 51, at page 2, ¶ 9. They argue that "Director of the EPA" cannot be interpreted to mean anything other than the "Administrator of the EPA." Docket No. 51, at page 3, ¶ 11. Moreover, even though they mistook the Administrator's office internal code, the Notice of Intent to Sue Letter was sent to the EPA central offices in Washington, D.C., where the Administrator's office is located. *Id.*

Plaintiff also contend that minor deficiencies such as these ones are procedural and should not amount to the dismissal of the instant case. Plaintiff further argues that despite these deficiencies, the purpose of the notice was achieved, that is, the EPA had an opportunity to address the issue and defendants an opportunity to remedy it before the filing of the instant suit. Docket No. 51, at page 3, ¶ 11. Finding otherwise, plaintiff sustain, would be to hold the service of notice to a much stricter standard than the prevailing one. Docket No. 51, at pages 2–3, ¶ 9. The Court disagrees for the reasons set forth below.

After a careful examination of both the Notice of Intent to Sue Letter, Docket No. 40–1 at page 6, the certified mail receipts, and other supporting documentation from the U.S. Postal Service, Docket No. 40–2 at page 3, the Court finds that plaintiff failed to comply with the provisions of Section 12(a)(2)(A), as plaintiff did not send the Notice of Intent to Sue Letter to the "Administrator of the Environmental Protection Agency" or to the "Office of the Administrator." Plaintiff instead sent the Notice of Intent to Sue Letter to a different EPA HQ Organization, using the Mailing Code for the EPA's Press Office within

the "Office of Public Affairs (OPA)" and not the Mailing Code for the "Office of the Administrator." In so doing, plaintiff failed to give proper and due notice to the "Administrator of the Environmental Protection Agency" more than sixty days before filing suit in this Court.

Hence, plaintiff failed to meet the strict compliance requirements set forth in Section 12(b) of the NCA, 42 U.S.C. § 4911(b), and the EPA regulations interpreting its notice provisions, leaving the Court without subject matter jurisdiction to entertain plaintiff' claims under the NCA.

For the reasons set forth above, the Motions to Dismiss filed under Docket entries No. 18 and 20, are GRANTED.

### Conclusion

In view of the foregoing, the Court finds that it lacks subject matter jurisdiction to entertain plaintiff' claims under the NCA. The Motions to Dismiss filed under Docket entries No. 18 and 20, are granted. This case is dismissed without prejudice.

Judgment will be entered accordingly.

IT IS SO ORDERED.